UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HOSAM GHANEM,

               Petitioner,

v.

NORTH LAKE CORRECTIONAL
FACILITY,

               Respondent.

_____/

Case No. 1:26-cv-654

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.     Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia,* issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on February 27, 2026, the Court directed Respondent[1] to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondent filed his response on March 4, 2026, (ECF No. 8).

## II.    Factual Background

Petitioner is a native and citizen of Syria. (2024 Form I-862, ECF No. 8-1, PageID.9.) Petitioner entered the United States on or about February 17, 2014, at an unknown location without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner in March 2024 and detained him. (*Id.*) Petitioner subsequently requested custody redeterminations in March 2024 and May 2024, which were denied. (Mar. 2024 Order of the Immigration Judge, ECF. No. 8-2, PageID.13; May 2024 Order of the Immigration Judge, ECF No. 8-2, PageID.15.) Nonetheless, during June of 2024, DHS released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order of Release on Recognizance, ECF No. 8-3, PageID.18.)

In 2025, Petitioner was living and working in Cincinnati, Ohio. (2025 Form I-213, ECF No. 8-4, PageID.24–27.) On November 5, 2025, Petitioner reported for a check-in and was arrested at the Cincinnati Enforcement and Removal Office (ERO). (*Id.*, ECF No. 8-4, PageID.25.) On that same date, DHS charged Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the

---

[1] Kevin Raycraft, the Acting Director of the Detroit Field Office for ICE, is substituted for the North Lake Correctional Facility. The North Lake Correctional Facility is terminated per the February 27, 2026 Order to Show Cause (ECF No. 7, PageID.3.)

United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (*Id.*, ECF No. 8-4, PageID.26; ECF No. 8-5, PageID.29.)

On January 15, 2026, Petitioner attended a removal proceeding before the Detroit Immigration Court. (2026 Order of Immigration Judge, ECF No. 8-6, PageID.32–36.) At the hearing, Petitioner agreed to voluntary depart the United States on or before February 17, 2026. (*Id.*, PageID.34.) The immigration judge withdrew Petitioner's I-589 asylum petition. (*Id.*) Petitioner, however, did not depart by February 17, 2026, and the order of voluntary departure was converted to an order of removal to Syria. (ECF No. 8, PageID.6).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Given that Petitioner has a final order of deportation, which orders his removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention is unlawful. (Pet., ECF No. 1, PageID.5, 7.) In response, Respondent argues that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Response, ECF No. 8, PageID.6–8.)

3

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, Petitioner's order of deportation became final on March 17, 2026. (Order of Immigration Judge, ECF No. 8-6, PageID.34.; *see id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't*

---

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

*of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Here, Petitioner was taken into custody by ERO on November 5, 2025. (ECF No. 8-4, PageID.25.) At the time that Petitioner filed his § 2241 petition on February 23, 2026, he had not been detained for six months. (ECF. No. 1.) In order to state an excessive detention claim pursuant to *Zadvydas*, a petitioner must have been in ICE custody for six months on the date the petition is filed. *Zadvydas*, 533 U.S. at 700-01; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (affirming dismissal where petitioner had only been detained four months and stating that "in order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months"); *Kalasho v. U.S. Dep't of Homeland Sec.*, No. 1:06-CV-556, 2007 WL 431023, at *4 (W.D. Mich. Feb. 5, 2007) ("[T]he court concludes that the six month presumption of reasonableness . . . should apply to petitioner's current detention, which resulted from his violation of the order of supervision."); *Olajide v. Wrona*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes.").

Petitioner initiated this action on February 23, 2026. Given that Petitioner's current detention has not reached six months in length, his request for relief is not yet ripe for judicial

review. *Olajide*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes.").

## V.    Other Claims and Other Forms of Relief

Because Petitioner's § 2241 petition is not ripe, the Court does not address the other claims and other requested relief in Petitioner's § 2241 petition.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus without prejudice as premature.

Dated: April 7, 2026                              /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE